**In re ORMET CORPORATION, a Delaware corporation, et al.[1], Debtors.**

Nos. 04–51255 to 04–51261.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

March 24, 2005.

Adam C. Harris, New York City, for Debtor.

*OPINION AND ORDER ON CERTAIN MOTIONS OF UNITED STEELWORKERS OF AMERICA AFL–CIO–CLC*

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the Motions of the United Steelworkers of America, AFL–CIO–CLC ("USWA") for an Order: (1) Requiring Debtors to Provide Expeditiously Adequate Due Diligence Information to Prospective Purchasers (Subject to Confidentiality Requirements); (2) Terminating Exclusivity Pursuant to 11 U.S.C. § 1121(d); and (3) Authorizing an Examination of the Debtors Pursuant to Bankruptcy Rule 2004 ("Motions").

The Court has reviewed the Motions and considered (i) the Objections of Ormet Corporation ("Ormet") and six of its direct and indirect wholly-owned subsidiaries, each as a debtor and debtor in possession in the above-captioned cases [2] (collectively the "Debtors"); (ii) the Supplemental Objection to the Motions, filed by the Official

---

**1.** The Debtors are the following entities: Ormet Corporation, Ormet Primary Aluminum Corporation, Ormet Aluminum Mill Products Corporation, Specialty Blanks Holdings Corporation, Specialty Blanks, Inc., Formcast Development Inc. and Ormet Railroad Corporation.

**2.** The Debtors are the following entities: Ormet Corporation, Ormet Primary Aluminum Corporation ("Ormet Primary"), Ormet Aluminum Mill Products Corporation ("Ormet Products"), Specialty Blanks Holdings Corporation, Specialty Blanks, Inc., Formcast Development Inc. and Ormet Railroad Corporation.

Committee of Unsecured Creditors; (iii) the Supplement to the Motion, filed by the USWA; and (iv) the motion of U.S. Representative Ted Strickland, State Senator Joy Padgett, State Senator Charlie Wilson, State Representative Jennifer Garrison, State Representative John Domenick and State Representative Allen Sayre (collectively, the "*Amicus Curiae*") for leave to file an *Amicus Curiae* Brief in support of the Motion and the *Amicus Curiae* Brief. The Court also heard argument on the Motions on February 25, 2005 (the "Hearing"), including testimony from the *Amicus Curiae.*

The USWA orally withdrew at the Hearing its requests for termination of exclusivity and for an examination under 2004. The USWA then orally modified its justification for compelling the Debtors to provide due diligence to third parties as being appropriate to provide an alternative to the Debtors' confirmed plan of reorganization in the event the conditions to confirmation set forth in the Plan cannot be satisfied or are not waived. Accordingly, that is the only matter in the Motions that remains for decision.

The Court finds that it has previously determined, as part of its Order Confirming the Debtors' Chapter 11 Plan, that confirmation is not likely to be followed by liquidation or the need for further reorganization. That finding means that, absent new and unusual circumstances, the confirmed plan will determine the reorganization path of these Debtors. Further, the USWA has presented no convincing evidence that the conditions to an effective date, as set forth in the confirmed plan, will not be satisfied or waived as required.

Based on the foregoing, the Motion of USWA that the Debtors be compelled to

provide certain due diligence information to prospective purchasers is **DENIED.**

**IT IS SO ORDERED.**

